UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMELITA HERMINIA TORRES, :
:
    Plaintiff, :
:
    v. : CASE NO. 3:17CV605(DFM)
:
NANCY A. BERRYHILL, :
ACTING COMMISSIONER OF :
SOCIAL SECURITY, :
:
    Defendant. :

RULING AND ORDER

The plaintiff, Carmelita Herminia Torres, seeks judicial review pursuant to 42 U.S.C. § 405(g) of a final decision by the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits and supplemental security income. The plaintiff asks the court to reverse the Commissioner's decision or, alternatively, remand for a rehearing. (Doc. #19.) The Commissioner, in turn, seeks an order affirming the decision. (Doc. #20.) For the reasons set forth below, the plaintiff's motion is granted and the defendant's motion is denied.[1]

I. Administrative Proceedings

On April 4, 2013, the plaintiff filed applications alleging

---

[1]The parties consented to the jurisdiction of a magistrate judge and the case was transferred to the undersigned. (Doc. #15.)

that she had been disabled since October 1, 2012. (R.[2] at 174-180.) The plaintiff's applications were denied initially on June 3, 2013, and upon reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). (R. at 110.) On May 20, 2015, a hearing was held at which the plaintiff, represented by counsel, testified. (R. at 24-63.) On July 27, 2015, the ALJ issued a decision denying the plaintiff's claims. (R. at 7-23.) On February 22, 2017, the Appeals Council declined review, making the ALJ's decision final. (R. at 1-4.) This action followed.

II. Standard of Review

The court may reverse an ALJ's finding that a plaintiff is not disabled only if the ALJ applied the incorrect legal standards or if the decision is not supported by substantial evidence. Brault v. Soc. Sec. Admin., 683 F.3d 443, 447 (2d Cir. 2012). In determining whether the ALJ's findings "are supported by substantial evidence, 'the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983)). "Substantial evidence is more than a mere scintilla. . . . It means such relevant evidence

---

[2]The administrative record filed by the Commissioner shall be referred to as "R."

as a reasonable mind might accept as adequate to support a conclusion." Brault, 683 F.3d at 447 (quotation marks and citations omitted).

III. Statutory Framework

The Commissioner of Social Security uses the following five-step procedure to evaluate disability claims:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience.... Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (internal alterations and citation omitted).

IV. The ALJ's Decision

Following the five-step evaluation process, at step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 1, 2012. (R. at 13.) At step two, the ALJ concluded that the plaintiff had a

3

severe impairment of seronegative rheumatoid arthritis. (Id.) The ALJ found that the plaintiff's hyperthyroidism, torticollis, cervical strain and endometriosis were not severe impairments because they did not meet the twelve month "durational requirement." As to the plaintiff's claims that she suffered from lupus and Jaccoud's arthritis, the ALJ stated that the record did not reflect that she had been diagnosed with these impairments. (R. at 13). The ALJ found that the plaintiff's depression was not a severe medical impairment.

At step three, the ALJ found that the plaintiff did not have an impairment, either alone or in combination, that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1. (R. at 15.) In particular, the ALJ considered listing 14.09, inflammatory arthritis, and observed that no treating or examining physician had provided any opinion or suggested any findings to demonstrate that the severity of the plaintiff's impairment met or medically equaled the criterial of this or any other listed impairment. (Id.)

The ALJ next determined that the plaintiff had the residual

functional capacity ("RFC")[3] to perform medium work[4] as defined in 20 C.F.R. § 404.1567(c) and § 416.967(c), except that she can engage in frequent handling and fingering with the bilateral upper extremities. (Id.) The ALJ concluded that the plaintiff was capable of performing her past relevant work as a warehouse worker and a child care monitor. (R. at 17-19.) The ALJ also made "alternative findings for step five to the sequential evaluation process." (R. at 18-19). Specifically, she found that, given the plaintiff's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that the plaintiff can perform. Accordingly, the ALJ concluded that the plaintiff was not disabled.

---

[3]Residual functional capacity ("RFC") is an assessment of "the claimant's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. It is the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1).

[4]Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c); 416.967(c). "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. . . . . The considerable lifting required for the full range of medium work usually requires frequent bending-stooping [ ]. Flexibility of the knees as well as the torso is important for this activity[.] ... In most medium jobs, being on one's feet for most of the workday is critical." Staggers v. Colvin, No. 3:14CV00717(SALM), 2015 WL 4751108, at *3-4 (D. Conn. June 17, 2015) (quoting SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983)).

V.  Discussion

The plaintiff argues that the ALJ erred in failing to adequately develop the record because she did not obtain medical source statements regarding her functional limitations to support her RFC determination.

In opposition, the Commissioner asserts that remand is not required because plaintiff's counsel should have provided any additional evidence and in any event, the record contains sufficient evidence from which the ALJ could assess the plaintiff's residual functional capacity.

An ALJ in a social security benefits hearing has an affirmative obligation to develop the record adequately. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). The "non-adversarial nature of social security benefits proceedings dictates that the obligation exists even when . . . the claimant is represented by counsel." Delgado v. Berryhill, No. 3:17CV54(JCH), 2018 WL 1316198, at *6 (D. Conn. Mar. 14, 2018) (quotation marks and citations omitted). See Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) ("It is the rule in our circuit that 'the ALJ, unlike a judge in a trial, must himself affirmatively develop the record' . . . .") An ALJ may not merely rely on raw data from the treating physicians. Downes v. Colvin, No. 14-CV-7147 (JLC), 2015 WL 4481088, at *15 (S.D.N.Y. July 22, 2015) (noting that raw data

contained in notes of treating physicians is not sufficient evidence to support a claimant's RFC determination). "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." Guarino v. Colvin, No. 1:14CV00598(MAT), 2016 WL 690818, at *2 (W.D.N.Y. Feb. 22, 2016). Record evidence is only sufficient without medical source statements if the notes of the treating physicians express his or her views as to the plaintiff's residual functional capacity or assess a claimant's limitations. See Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 34 (2d Cir. 2013) (declining to remand for failure to obtain medical source opinions from treating physicians because their comprehensive notes assess the plaintiff's limitations). The need to obtain medical source statements from a treating physician is particularly acute because the regulations give the opinions of treating physicians controlling weight so long as they are well supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with other substantial evidence in the record. DeLeon v. Colvin, No. 3:15CV1106(JCH), 2016 WL 3211419, at *3 (D. Conn. June 6, 2016); see also Lesterhuis v. Colvin, 805 F.3d 83, 88 (2d. Cir. 2015).

As indicated, the ALJ found that the plaintiff was capable of

7

frequently lifting and carrying up to 25 pounds. However, the medical record does not contain any clear and useful assessment from any examining medical source regarding the plaintiff's functional limitations or how those limitations affected her work-related abilities on a function by function basis. Hilsdorf v. Comm'r Soc. Serv., 724 F. Supp.2d 330, 344 (E.D.N.Y. 2010); cf. Hernandez v. Comm'r Soc. Sec. No. 13-cv-959 (GLS/ESH), 2015 W.L. 275819, at *2 (N.D.N.Y Jan. 22, 2015). On this record, the ALJ had a non-delegable duty to develop the record by obtaining such opinion evidence and remand is warranted. See, e.g., Wallace v. Berryhill, No. 3:17CV672(RMS), 2018 WL 4253174, at *19 (D. Conn. Sept. 6, 2018)("the record cannot be considered adequate to permit an informed finding by the ALJ of the plaintiff's RFC, and remand is warranted" where the record "do[es] not include assessments of the plaintiff's limitations from a treating physician"); Delgado v. Berryhill, No. 3:17CV54(JCH), 2018 WL 1316198, at *10 (D. Conn. Mar. 14, 2018)("the absence of a complete and reliable functional assessment of [plaintiff's] physical limitations is an obvious gap warranting remand").[5]

VI. Conclusion

For these reasons, the plaintiff's motion to reverse and/or

---

[5] In light of the foregoing, the court need not discuss the merits of the plaintiff's other arguments.

remand the Commissioner's decision (doc. #19) is granted and the defendant's motion to affirm the decision of the Commissioner (doc. #20) is denied.

SO ORDERED at Hartford, Connecticut this 29th day of March, 2019.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge